# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS JAIMEZ REYES,<br><br>                    Petitioner,<br><br>  vs.<br><br>KANE, Warden, et al.,<br><br>                   Respondents. | CASE NO. 10-CV-150 JLS (PCL)<br><br>**ORDER: (1) GRANTING MOTION FOR EXTENSION OF TIME;<br>(2) ADOPTING REPORT AND RECOMMENDATION;<br>(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS;<br>(4) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 20, 22) |

Presently before the Court is Magistrate Judge Peter C. Lewis's report and recommendation (R&R) advising the Court to deny Petitioner's petition for writ of habeas corpus. (R&R, ECF No. 20.) Also before the Court are Petitioner's objections to the R&R. (Objections, ECF No. 24.) Having considered the parties' arguments and the law, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DENIES** Petitioner's petition.

## BACKGROUND

The Court presumes state court findings to be correct unless the petitioner "rebuts the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Magistrate Judge Lewis's R&R contains a thorough and accurate recitation of the facts underlying Petitioner's state court trial and conviction. (R&R 2–3.) This Order incorporates by reference the facts as set forth in the R&R.

Having exhausted his state remedies, Petitioner filed the instant petition, alleging that the trial court's failure to instruct the jury on the lesser included offense of attempted voluntary manslaughter violated his Fourteenth Amendment due process rights. (Pet., ECF No. 1.) On August 6, 2010, Respondent answered the petition, urging the Court to dismiss the petition and deny a certificate of appealability. (ECF No. 16.) Petitioner filed a traverse to Respondent's answer on August 18, 2010. (ECF No. 19.) On February 8, 2011, Magistrate Judge Lewis issued an R&R advising the Court to deny the petition. (R&R.) Petitioner objected to the R&R on March 10, 2011. (Objections.)

**LEGAL STANDARD**

**1.     Review of the Report of Recommendation**

Federal Rule of Civil Procedure Rule 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding the magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may, accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980).

**2.     Cognizable Claim for Relief**

Under federal law, a prisoner seeking relief on claims related to imprisonment may file a petition for habeas corpus pursuant to 28 U.S.C. § 2254. A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal intervention in state court proceedings is only justified when there are errors of federal law. *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Federal habeas courts are bound by a state's interpretation of its own laws. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs federal habeas petitions filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997). The AEDPA establishes a "highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002). A federal court can

grant habeas relief only when the result of a claim adjudicated on the merits by a state court "was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court authority, or (2) "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but reaches a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (internal quotation marks and citation omitted). An "unreasonable" application of precedent "must have been more than incorrect or erroneous"; it "must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520–21(2003) (citation omitted).

**ANALYSIS**

**1.    Motion for Extension of Time**

Magistrate Judge Lewis ordered Petitioner to file written objections to the R&R by February 24, 2011. (R&R 6.) Petitioner filed a motion for extension of time to object on March 9, 2011 and filed his objections the next day. (ECF Nos. 22, 24.) Despite the filings' untimeliness, the Court accepted them *nunc pro tunc* to the dates received. (ECF Nos. 21, 23.) Good cause appearing, Petitioner's motion for extension of time (ECF No. 22), is **GRANTED**.

**2.    Summary of the R&R's Conclusions**

Magistrate Judge Lewis recommends that the Court deny the petition on the ground that neither the evidence presented at trial nor the defense's theory of the case warranted an attempted voluntary manslaughter instruction. (R&R 5–6 (citing, *inter alia*, *Duckett v. Godinez*, 67 F.3d 734, 745 (9th Cir. 1995); *United States v. Tsinnijinnie*, 601 F.2d 1035, 1040 (9th Cir. 1979)).) Specifically, Judge Lewis found that Petitioner did not present a heat-of-passion defense at trial, and defense counsel specifically rejected a jury instruction regarding heat of passion, stating the defense was not available in light of the case's facts of the case. (R&R 5–6.) Moreover, Judge Lewis concluded the record did not support the contention that Petitioner acted in the heat of passion because "the trial evidence show[ed] that [Petitioner] would had [sic] had ample time between his arguing with the victim and his going downstairs to get the gasoline to regain his senses and proper judgment." (*Id.*)

### 3. Objections to the R&R's Conclusions

Petitioner insists that his attempted murder conviction should be reversed because the trial court failed to instruct the jury on the lesser included offense of attempted voluntary manslaughter, thus violating his Sixth Amendment and Fourteenth Amendment rights. Because the Sixth Amendment violation was not raised in the petition, it is procedurally barred. *See Greenhow v. Sec'y of Health & Human Serv.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). Therefore, the Court will only address the Fourteenth Amendment claim.

Petitioner contends that the trial court had a duty to *sua sponte* instruct the jury on the lesser included offense of attempted voluntary manslaughter. (Objections 2.) The Court disagrees. Due process does not require that the trial court give a particular instruction unless the instruction is supported by the law and the evidence. *See Tsinnijinnie*, 601 F.2d. at 1040. The record indicates that Petitioner did not present a heat-of-passion defense at trial. Defense counsel specifically disavowed such a defense, stating it would not be supported by Petitioner's offered defense—that Petitioner suffered from delusions that caused him to act without the intent to kill. (R&R 6.)

Additionally, an attempted voluntary manslaughter instruction was not supported by the evidence. The record shows that Petitioner did not act in the heat of passion because, between the argument with his cohabitant and his going to get the gasoline, enough time would have elapsed to allow Petitioner to calm down and regain his judgment. Accordingly, the Court finds that the state court's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.

### 3. Certificate of Appealability

The Court is obliged to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that "reasonable jurists" could disagree with the Court's assessment of the constitutional claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court must either (1) grant the certificate of appealability indicating which issues satisfy the required showing or (2) state why

a certificate should not issue. Fed. R. App. P. 22(b).

Petitioner challenges his conviction of attempted murder on the ground that the trial court's failure to instruct the jury on the lesser included offense of attempted voluntary manslaughter violated his Fourteenth Amendment due process rights. No reasonable jurist would disagree with the Court's resolution of Petitioner's constitutional claims. Evidence in the record supports the trial's courts actions, and this suffices to meet due process requirements. Accordingly, the Court **DENIES** a certificate of appealability.

## CONCLUSION

For the reasons states, the Court **ADOPTS** the R&R in full. Petitioner's petition for writ of habeas corpus is **DENIED**. A certificate of appealability is **DENIED**. This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: July 26, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge